## MARBLEHEAD MUTUAL FIRE INSURANCE COMPANY *vs.* ARZA H. HAYWARD.

The intentional omission, by a mutual fire insurance company, of some of its members liable to assessment, invalidates an assessment on the other members, although accompanied by a computation of the liability of those so omitted, and by an intention to assess them accordingly on the expiration of their policies.

ACTION OF CONTRACT to recover the amount of an assessment upon a deposit note signed by a member of said company, holding a policy of insurance issued by them.

At the trial in the court of common pleas, it appeared that the assessment was computed thus: At the time of each fire, the directors deducted the cash funds of the company from the amount of the loss, and computed the proportion of the remainder, to be assessed on each note liable to be assessed for that loss.   On the 10th of May 1852 the directors assessed upon the notes expiring between the 1st of April and the 20th of June 1852, (of which the note in suit was one,) their proportion of the losses, but no assessment was made on the notes which expired after the 20th of June.

*Byington*, J. ruled "that the assessment, to be legal, should have been made on all the notes liable to an assessment for

losses when the assessment was made ; that if, through inadvert-
ence, accident or any unintentional omission, a person liable to
be assessed was not, that would not vitiate the assessment ; but
if the directors intentionally omitted to assess the notes liable,
not then expired, though they may have intended, at the time of
making the assessment, to assess such notes when they should
expire, according to their liability ascertained as aforesaid, the
assessment made would be null and void." The jury returned a
verdict for the defendant ; and the plaintiffs alleged exceptions.

The arguments were had at March term 1854.

*B. Dean*, for the plaintiffs. The Rev. Sts. *c.* 37, § 31, pro-
vide that " if any member shall have a just claim on the corpo-
ration, founded on a policy issued by them, exceeding the amount
of their then existing funds, exclusive of deposit notes given by
the members, the directors shall forthwith assess such sum as
may be necessary to pay the same, upon the members, in pro-
portion to the amount of their premiums and deposits, severally,
for seven years." These provisions are merely directory, and for
the benefit of a member having a claim against the company for
a loss. He has a right to have all assessed, or hold the officers
responsible ; but a party assessed has no right to complain of
any thing that does not increase the amount of his assessment.
The omission, through error in judgment, or mistake of the law,
to assess some of the notes, does not invalidate the assessment,
the true amount of liability on all having been ascertained,
and the directors intending to assess such notes accordingly,
when they expire. *Lowell* v. *Hadley*, 8 Met. 180. *Williams* v.
*School District in Lunenburg*, 21 Pick. 75. *Pond* v. *Negus*,
3 Mass. 230. *Watson* v. *Princeton*, 4 Met. 599. *George* v.
*Mendon*, 6 Met. 497.

*J. F. Woodside*, for the defendant.

DEWEY, J. We think the rule adopted, in making the present
assessment upon the members of this company, was a departure
from the provisions of the statute, not justified by any such obvi-
ous necessity as has been deemed sufficient in some similar
cases to justify slight departures from the exact requisitions of
the statute. *Exceptions overruled.*